Wardlaw J.
delivered tbe opinion of the Court.
By the case of Gibbs v. Chisholm, 2 N. & M'C., 38, and many cases on circuit which have followed it, it appears to be well settled in this State, that where a contract for the payment of money after the expiration of several years, contains, without any usurious design, an express and bona fide stipulation that interest shall be paid at periods, which are at least one year apart, and which all fall before or at the time appointed tor the final payment of the principal, the interest st ipulated to be paid at every such period, if not paid, will, like a sum certain appointed in writing to be paid at a certain time, bear interest from the time it should have been paid.
The case of Singleton v. Lewis, executor, 2 Hill, 408, which seems to have been decided with hesitation, held, that where a bond secured the payment of the principal at the end of one year from the date, “with lawful interest to be paid annually, to commence from the date,” it amounted to a mutual stipulation for an indefinite extension of credit, and annual payment of interest during the extension. Without the supposition of such a stipulation, there seemed to be an incongruity in the terms of the contract. Such a supposition no doubt well consisted with the honest intention of the parties then, that interest should in fact be paid annually; and whenever money is put to interest, with a view to the annual collection and use of the interest, whilst the principal may remain untouched, an express contract for indefinite time as to the principal and annual payment of the interest, seems to be sanctioned by the principles which decided Gibbs v. Chisholm. But it may be observed, that the reasoning used in Singleton v. Lewis, would apply to a case of the principal payable one day after date with annual payment of the interest: and that all cases in which the compounding of interest, whilst the collection of the principal during the whole time is at the discretion of the creditor, seem to savor of usury, or may by abuse be perverted to the purposes of the usurer.
Without, however, in the least violating the case of Singleton v. Lewis, the circuit decision made in the case before us. *117 may be sustained. The promise to pay the principal at the end of three years, “with interest from the date, to be paid punctually at the end of each year,” plainly contemplates the payment of interest at the end of each of the three years, and requires no additional stipulation to be implied to give effect to every word. It is just as if there had been loan of the principal—a note for it payable at the end of three years, and then three notes for the interest payable at one, two and three years. As these several notes, if all sued on in one case, would have been calculated, the one note which really was made, and which means the same thing as the four would have done, has been calculated. To compound the interest after the time appointed for payment of the principal, is not required by any express contract here, and is therefore here, as in all ordinary cases, inadmissible.
The motion is dismissed.
Richardson J., Evans J., Butler J., and Frost J., concurred.